## THE STATE *v.* G. W. COOPER.

On an application for a *quo warranto* against the defendant, and the Third Municipality, upon the ground that the defendant continued to usurp and hold the office of school teacher in the Third Municipality, to which the relator was entitled, and a decree that the relator be restored to the office, the judgment of the district court decreed that the defendant was not entitled to the office, and that the relator was. *Held*: That as there was no decree restoring the relator to his office, or vacating the appointment of the defendant, the judgment could not be executed, was not in conformity to law, and could not be appealed from. To have entitled the parties to an appeal, the judgment should have conformed to C. P. art. 870, *et seq.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. An application for a writ of *quo warranto* and decree, upon the relation of *Philip Prendergrast. LeBlanc, jr.*, for appellants. *J. Lugenbuhl*, for relator. The judgment of the court was pronounced by

EUSTIS, C. J. The petition alleges that the relator was duly appointed, under the authority of the Council of the Third Municipality of New Orleans, principal teacher of the second ward public school, of said municipality, and that he held and was performing the duties of said office, at a salary of sixty dollars per month, up to the 29th of June, 1850 ; that about that date, he was ejected from the school-house by *G. W. Cooper*, with the assistance of others, and by violence prevented from continuing the performance of his duties as teacher; that said *Cooper* claims to perform the duties of said office, without having any lawful authority so to do, and continues to usurp and hold the same. The relator asks

for a writ of *quo warranto*, and a decree restoring him to his said office; and for general relief. The answer sets up the appointment of *Cooper* to the office.

The district judge decreed, that the defendant is not lawfully entitled to the appointment of principal teacher of the boys' school, second ward, of the Third Municipality, of the city of New Orleans, which he now holds; and that the relator is lawfully entitled to the same; and that the defendant pay costs.

The defendant and the municipality have appealed. There is no decree restoring the relator to his office, or vacating the appointment of the defendant. The judgment cannot be executed as it is written, and is not in conformity with the law. From a judgment rendered under the provisions of the Code of Practice, art. 870, *et seq.*, the party may have his appeal.

The appeal is therefore dismissed, at the costs of the appellant.